UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-62197-STRAUSS

**WILLIE PERRY,**

    Plaintiff,

v.

**JULIANNA BOOR**, *Director at U.S. Department of Veterans Affairs*, **and MAS JENKINS,**

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND REQUIRING AMENDED COMPLAINT

**THIS MATTER** came before the Court upon Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [DE 6] (the "Renewed Motion"). For the reasons described below, the Renewed Motion is **GRANTED**. However, the Court will require Plaintiff to file an amended complaint no later than **December 11, 2025**, because the Complaint, upon initial screening, fails to state a claim upon which relief could be granted.

## BACKGROUND

Plaintiff is a disabled veteran. [DE 1] at 7. He filed the current Complaint on October 30, 2025. *See generally id.* Plaintiff indicates in the Complaint that he is bringing *Bivens*-type claims against U.S. Department of Veterans Affairs ("VA") Director Julianna Boor and Mas Jenkins.[1]

---

[1] Although the docket identifies this defendant as "Mas Jenkins," a closer review of Plaintiff's handwritten complaint suggests that Plaintiff identified her as "*Mrs.* Jenkins." *See id.* at 1 and 2 (emphasis added).

*Id.* at 3.  Plaintiff sues Boor in her official capacity and Jenkins in both her individual and official capacity.[2]  *Id.* at 2.

Although the Complaint is not entirely clear, it appears that Plaintiff is suing Defendants primarily because the amount of his VA pension was reduced from $2,300 to $1,957 per month. *Id.* at 7.  Plaintiff appears to allege that this reduction reflected his receipt of Social Security Retirement Insurance ("SSRI"), and the reduction was caused by SSA informing VA of a ten-dollar raise in his SSRI benefits without Plaintiff's permission.  *Id*.  As Plaintiff explains, the reduction of his monthly pension amount has left him unable to pay his rent.  *Id.*

Plaintiff alleges that the SSA and VA conspired to reduce Plaintiff's VA pension.  *Id.* Plaintiff also avers that a government agency needs permission to share personal information, and he appears to be suing for a violation of his right to privacy based on the sharing of personal information with a government agency.  *See id.* at 3-4.  As support, Plaintiff cites the Fourteenth Amendment to the U.S. Constitution.  *Id.*  As relief, Plaintiff requests that his VA pension be restored to its original amount rather than the reduced amount.  *Id.* at 5.

The same day that Plaintiff filed his Complaint, he filed an initial motion to proceed *in forma pauperis*.  *See generally* [DE 3].  This Court denied the motion without prejudice because it did not contain sufficient information regarding Plaintiff's financial condition.  *Id.* at 1.  The Court allowed Plaintiff to file a new motion if it contained sufficient facts regarding Plaintiff's financial state.  *Id.* at 2.  On November 10, 2025, Plaintiff timely filed the Renewed Motion.  *See generally* [DE 6].  In the Renewed Motion, Plaintiff lists his total monthly expenses as $2,000, *id.*

---

[2] Although it is unclear from the allegations in the Complaint who Jenkins is and what official capacity she holds, the caption suggests that she may work for the Social Security Administration ("SSA").  *See id.* at 1.

at 5, and his total monthly income as $2,350, *id.* at 2.[3] Plaintiff further indicates that he is unemployed, has no spouse, and possesses little to no assets (e.g., he does not have a house, a car, cash, or bank accounts). *Id.* at 1-3. Lastly, Plaintiff does not expect his income, expenses, assets, or liabilities to change during the next twelve months. *Id.* at 5.

## ANALYSIS

### I.  PLAINTIFF MAY PROCEED WITHOUT PREPAYING FEES OR COSTS

In the Renewed Motion, Plaintiff seeks to proceed without prepaying fees and costs. *See* [DE 6] at 1. Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security. 28 U.S.C. § 1915(a)(1). The granting of a motion to proceed *in forma pauperis* is discretionary. *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983). "When considering a motion filed under Section 1915(a), '[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty.'" *Raftery v. Vt. Student Assistance Corp.*, 2016 WL 11579801, at *1 (M.D. Fla. Feb. 17, 2016) (quoting *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004)). "[A]n affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez*, 364 F.3d at 1307. A plaintiff, however, need not be "absolutely destitute." *Id.* Indeed, the court must compare "the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014).

---

[3] The information appears to be somewhat inconsistent in the Renewed Motion. For example, Plaintiff initially lists his average monthly expenses as $1,600 but then lists his total monthly expenses as $2,000 one page later. *See id.* at 4-5. Regardless, the variances are inconsequential for the present purposes.

3

Here, Plaintiff is unemployed and has little to no assets. His monthly income only slightly exceeds his monthly expenses. In the next twelve months, Plaintiff does not expect this situation to change. Indeed, his Complaint insists that his reduced pension has left him unable to even pay rent. [DE 1] at 7. Accordingly, I conclude that Plaintiff has established the poverty requirement of 28 U.S.C. § 1915(a). Plaintiff thus may proceed *in forma pauperis*.

## II.     PLAINTIFF MUST FILE AN AMENDED COMPLAINT

Although the Court will allow Plaintiff to proceed without prepaying fees and costs, Plaintiff must file an amended complaint. The screening provisions of 28 U.S.C. § 1915(e) apply here since Plaintiff has sought leave to proceed *in forma pauperis*. Under that statute, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As discussed below, Plaintiff's Complaint [DE 1] is subject to dismissal for multiple reasons. However, rather than dismissing Plaintiff's Complaint now, the Court will provide Plaintiff an opportunity to file an amended complaint to see if Plaintiff can rectify the deficiencies with the current Complaint. Failure to rectify the issues outlined below may result in dismissal without any further opportunity to amend the Complaint.

Generally, in preparing his amended complaint, Plaintiff should ensure that he complies with all applicable rules, including Rules 8 and 10 of the Federal Rules of Civil Procedure.[4] In

---

[4] *Pro se* pleadings are liberally construed and held to "less stringent standards" than pleadings drafted by attorneys. *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020). "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014). Moreover, *pro se* litigants are required to comply with procedural rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e

4

accordance with Rule 8, Plaintiff's amended complaint must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions"; a "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff's Complaint is deficient in multiple ways. First, an amended complaint is necessary because the current one is a "shotgun pleading." *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) ("Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'"). As stated earlier, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, Rule 10(b) requires that "[a] party . . . state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). A few types of shotgun pleadings exist, but

---

have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("[A]lthough [courts] are to give liberal construction to the pleadings of pro se litigants, '[courts] nevertheless have required them to conform to procedural rules.'" (citing *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002))).

"[t]he unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323.  One type of shotgun pleading occurs when the complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322.  Another type occurs when the complaint "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

Plaintiff's Complaint is a shotgun pleading. First, it does not contain consistently numbered paragraphs.  *See* Fed. R. Civ. P. 10(b).  Second, the Complaint brings claims against multiple Defendants—Boor and Jenkins—without specifying which acts or omissions are attributable to each of them or their agencies.  Third, the Complaint is filled with generally vague or conclusory allegations that Defendants violated Plaintiff's constitutional rights—without any clear explanation of how these rights were violated.  All that Plaintiff alleges (in broad-brush fashion) is that Defendants conspired against Plaintiff and supposedly violated his indistinct privacy rights and other rights under the Fourteenth Amendment.  At bottom, these allegations in the Complaint fail to give Defendants adequate notice of the claims against them, leaving them unable to frame a responsive pleading.  *See Weiland*, 792 F.3d at 1323.

Beyond being a shotgun pleading, the Complaint does not make clear what cause of action Plaintiff is bringing and whether he can bring that cause of action.  Based on the form Plaintiff used for his Complaint and the way he completed that form, it appears Plaintiff is alleging a *Bivens* claim. [5]  [DE 1] at 3.  At the very least, the Complaint does not indicate what other cause of action

---

[5] *See generally Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

Plaintiff is alleging or what authority said cause of action is based on.[6]  However, the Complaint does not contain sufficient allegations to state a plausible *Bivens* claim.  "To state a claim for relief under *Bivens*, 'a plaintiff must plead that each Government-official defendant, *through the official's own individual actions*, has violated the Constitution.'" *Stevens v. Osuna*, 877 F.3d 1293, 1309 (11th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 663).  Moreover, "[a] *Bivens* claim may be brought against federal officials only in their individual capacity, not in their official capacity." *Pereira v. USCIS Dist. Dir. Se. Region*, No. 20-13298, 2021 WL 3360964, at *2 (11th Cir. Aug. 3, 2021) (citing *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70-72 (2001)); *Ryzhov v. Mayorkas*, 634 F. Supp. 3d 1107, 1113 (S.D. Fla. 2022).

Here, Plaintiff indicates that he is bringing a *Bivens* claim against Boor and Jenkins in their official capacities.  [DE 1] at 2.  Because *Bivens* claims cannot be brought against federal officials in their official capacities, these claims fail.  *See Pereira*, 2021 WL 3360964, at *2.  Plaintiff does sue Jenkins in her individual capacity as well.  [DE 1] at 2.  However, the Complaint lacks any allegations identifying who Jenkins is or describing Jenkins' individual acts or omissions.  Therefore, the Complaint fails to raise a right to relief above the speculative level.  *See Twombly*, 550 U.S. at 555.  To the extent that Plaintiff is suing the SSA or the VA, *Bivens* claims also cannot

---

[6] Indeed, Plaintiff may not have intended to bring a *Bivens* claim.  He appears to seek injunctive relief (restoration of his VA pension to $2,300 every month) rather than damages.  Yet *Bivens* is a cause of action for damages only, not injunctive relief.  *See Milakovich v. USCIS-Orlando*, No. 6:11-CV-1244-ORL-31, 2012 WL 1890638, at *7 (M.D. Fla. Mar. 13, 2012) ("*Bivens* does not provide for injunctive relief."), *report and recommendation adopted*, 2012 WL 1890510 (M.D. Fla. May 23, 2012), *aff'd*, 500 F. App'x 873 (11th Cir. 2012).  The bottom line is that it is up to the Plaintiff to define what claim he is bringing.  While there may be statutes or other avenues that offer Plaintiff the relief he seeks, the Court cannot guess at what those avenues are, even construing the Plaintiff's Complaint liberally.

be brought against federal agencies. *See FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994); *Pereira*, 2021 WL 3360964, at *2.

Even assuming Plaintiff could bring a *Bivens* claim against any of the opposing parties, *Bivens* claims are exceedingly narrow. *See Ziglar v. Abbasi*, 582 U.S. 120, 130-31, 135 (2017). The U.S. Supreme Court has not recognized a *Bivens* claim arising under the Fourteenth Amendment. *Montalban v. Samuels*, No. 21-11431, 2022 WL 4362800, at *4 (11th Cir. Sept. 21, 2022). Courts in the Eleventh Circuit have similarly refused to recognize a *Bivens* claim arising out of the Fourteenth Amendment. *See, e.g.*, *id.* ("[T]he district court properly concluded that Montalban did not have a *Bivens* cause of action to raise his . . . Fourteenth Amendment claims."); *Williams v. U.S. Citizenship & Immigr. Servs.*, No. 23-CV-61124, 2024 WL 2258108, at *3 (S.D. Fla. May 17, 2024) (denying leave to amend because proposed amendment of complaint to extend *Bivens* action to Fourteenth Amendment would be futile). Moreover, "the Fourteenth Amendment applies only to states and state actors, not the federal government." *Pinson v. Rumsfeld*, 192 F. App'x 811, 821 (11th Cir. 2006). No allegations suggests that Defendants are anything but federal actors. For this same reason, Plaintiff's Complaint would fail to state a claim even if the Court construed the claims as being bought under 42 U.S.C. § 1983. *See Hindman v. Healy*, 278 F. App'x 893, 895 (11th Cir. 2008) ("Section 1983 does not apply to federal actors acting under color of federal law." (citing *District of Columbia v. Carter*, 409 U.S. 418, 424-25 (1973)). Finally, Plaintiff's theory that two federal government agencies sharing information between each other amounts to a violation of constitutionally protected privacy rights (under any amendment) appears dubious at best.

In short, Plaintiff's conclusory assertions of a violation of the Fourteenth Amendment and his general right to privacy are not enough to state a claim under the applicable pleading standards.

8

These highlighted issues are only intended to provide some guidance to Plaintiff; they are not necessarily an exhaustive list of all the deficiencies with Plaintiff's Complaint. Because of the Complaint's deficiencies, the Court will require Plaintiff to file an amended complaint. Plaintiff must rectify any deficiencies with his Complaint, including those outlined above.

## CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that:

1. Plaintiff's Renewed Motion [DE 6] is **GRANTED**. Plaintiff may proceed *in forma pauperis*.

2. No later than **December 11, 2025**, Plaintiff shall file an amended complaint in accordance with this Order (i.e., an amended complaint that rectifies the deficiencies with Plaintiff's current complaint). Failure to do so may result in dismissal of this action without further notice.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 20th day of November 2025.

Jared M. Strauss
United States Magistrate Judge