UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-62197-CIV-SINGHAL

WILLIE PERRY,

    Plaintiff,

v.

JULIANNA BOORS and TALISA JENKINS,

    Defendants.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT

**THIS CAUSE** is before the Court on the Report and Recommendation issued by Magistrate Judge Strauss (DE [13]) ("Report") on December 22, 2025. In the Report, Judge Strauss recommended that the action be dismissed without prejudice (DE [13]). The Report explained that (i) the Amended Complaint was a shotgun pleading, and Plaintiff had already been granted leave to amend; (ii) Plaintiff brings a *Bivens* action, and the Supreme Court has not recognized a *Bivens* claim under the Fourteenth Amendment (iii) if Plaintiff could bring a *Bivens* claim under the Fourteenth Amendment, the Fourteenth Amendment applies only to states and state actors, and Plaintiff makes no allegations that Defendants are state actors subject to the Fourteenth Amendment; and (iv) even if Defendants were state actors, Plaintiff has not alleged waiver of sovereign immunity.

On January 5, 2026, Plaintiff filed his Objection/Motion [for] District Judge Recommendation (DE [16]) with this Court. Defendants have not been served, so there is no need to wait for their reply. As a preliminary matter, Plaintiff asks that this case be

ruled on by a district judge.  ((DE [16]), at 2).  This case has been resigned to the Undersigned, and this Court has reviewed the issues raised in the Complaint *de novo*.

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report ... to which objection is made." 28 U.S.C. § 636(b)(1).  The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*.  The district court must consider the record and factual issues independent of the magistrate judge's report, as *de novo* review is essential to the constitutionality of § 636.  *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

First, Plaintiff states that "Defendants [are] treating the Plaintiff [with] hate and prejudice!!!"  While this Court sympathizes with Plaintiff's financial hardship, this objection is not a legal argument sufficient to alter Judge Strauss' thoughtful analysis.

Second, Plaintiff argues that Defendants "tried to poison the Plaintiff" and attached a letter from the Department of Veterans Affairs stating that his fluticasone nasal spray was "being recalled due to sterility concerns."  ((DE [16], 3-4).  This argument too does not address the deficiencies that Judge Strauss highlights in the Report.  More importantly, the letter warns Plaintiff of a recall of his medication and provides no support for Plaintiff's argument the Department of Veteran Affairs tried to poison him.

Third, Plaintiff argues that the Social Security Administration was not authorized to report his information to the Department of Veteran Affairs.  Here, Plaintiff is simply repeating the allegations contained in the Amended Complaint and once again, fails to address any of the concerns raised in the Report.

After reviewing Plaintiff's objections, and after careful independent consideration of Plaintiff's arguments, this Court affirms and adopts Judge Strauss's conclusions in the Report and Recommendation.

I.  **CONCLUSION**

It is hereby **ORDERED AND ADJUDGED** that the magistrate judge's Report and Recommendation (DE [13]) is **AFFIRMED** and **ADOPTED**.  It is **FURTHER ORDERED** that Plaintiff's Objections to the Report and Recommendation (DE [16]) are **OVERRULED**.  All causes raised herein by the complaint are **DISMISSED WITHOUT PREJUDICE**.  The Clerk of Court is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 26th day of January 2026.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF